UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE REFRIGERATION & AIR CONDITIONING SERVICE DIVISION (USA-NJ) PENSION FUND, WELFARE FUND, ANNUITY FUND and EDUCATION FUND, et al.,** *Plaintiffs*, v. **R&M AIR SOLUTIONS, LLC,** *Defendant.* | Civil Action No. 16-7208 OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund (the "Trustees") and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada's (the "Funds") (together, "Plaintiffs") motion for default judgment against Defendant R&M Air Solutions, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). ECF No. 8. For the reasons set forth herein, the motion is **GRANTED**.

**I.     BACKGROUND**

This ERISA matter arises from Defendant R&M's alleged failure to remit payments to Plaintiffs in accordance with the terms of its Collective Bargaining Agreement (the "CBA") between Plaintiff Funds and Defendant.

Plaintiffs are trust funds established pursuant to the Labor Management Relations Act ("LMRA") Section 302(c)(5), 29 U.S.C. § 186(c)(5), and are employee benefit plans established

1

and maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. for the purpose of providing pension, welfare, annuity, and other benefits to eligible participants. Compl. ¶ 5, ECF No. 1. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29. U.S.C. § 1132(d)(1). Id. ¶ 6. The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A) with respect to the collection of contributions due to the Funds. Id. ¶ 7.

The Funds maintain their principal place of business in West Trenton, NJ. Id. ¶ 8. Defendant is a business located in Avenel, New Jersey. Id. ¶ 10. It is an employer within the meaning of ERISA, 29 U.S.C. § 1002(5). Id.

At all relevant times, Defendant was a party to an Inside Agreement with one or more local unions or district councils affiliated with the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, annuity Fund and Education Fund and the New Jersey Committee representing the United Association of Plumbers and Pipefitters of the United States and Canada (the "Union"). Id. ¶ 14. At all relevant times, Defendant was also a party to the Agreements and Declarations of Trust ("Trust Agreements") that govern the Funds, as well as the Policy for Collection of Fringe Benefit Contributions (the "Policy"). Id. ¶ 15. Pursuant to ERISA, 29 U.S.C. § 1145, and the terms of the Inside Agreement, the Trust Agreements, and the Policy, Defendant agreed to: (1) remit fringe benefit contributions to the Funds in a timely manner; (2) submit monthly remittance reports to the Funds; (3) produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligation to the Funds; (4) pay liquidated damages, interest, audit costs, and attorneys' fees expended by the Funds to collect any amounts due as a consequence of Defendant's alleged breach. Id. ¶ 16.

Plaintiffs allege that Defendant has failed to remit the total amount of employee contributions that are due to the Funds on behalf of eligible employees for the period of July 1, 2016 through August 31, 2016. Id. ¶ 17. Plaintiffs allege that they have demanded payment from Defendant several times to no avail. Id. ¶ 18.

Plaintiffs initiated this lawsuit on October 13, 2016, asserting ERISA violations and seeking damages for: (1) all contributions due and owing to the Funds; (2) interest on the delinquent contributions; and (3) liquidated damages. See Compl. ¶ 21. Plaintiffs also sought specific performance and attorneys' fees. Id. After Defendant failed to appear, the Clerk entered default on November 17, 2016. See ECF Text Order dated November 17, 2016. Plaintiffs then filed the instant motion for Default Judgment, seeking an award of $4,733.63 in delinquent contributions, interest, and liquidated damages, and $1,395.99 in attorneys' fees and costs for a total of $6,129.62. Affidavit of Steven J. Bushinsky ("Bushinsky Aff.") ¶¶ 9-15, ECF No. 8-1.

## II.    STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the Court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted

as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court has jurisdiction over this dispute under the LMRA, 29.U.S.C. § 185(a), which provides that "suits of violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." Am. Compl. ¶ 2. The Court may exercise personal jurisdiction over the parties as all are entities located in New Jersey. Id. ¶ 5-12.

Service of the Summons and Complaint was made on Defendant on October 18, 2016 by personal service on Ricard Vazquez, Managing Agent of R&M, at 83 Demorest Avenue, Avenel, NJ. See Affidavit of Service by Marian Zwierzynski, ECF No. 5.

#### B. Liability

Plaintiffs have pled an ERISA claim against Defendant. ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Id.

Here, Plaintiffs have alleged: (1) that there was a contractual relationship based on a CBA, Inside Agreements, and Trust Agreements with Plaintiff Funds, Compl. ¶¶ 14-15; (2) that the Agreements provided for the payment of fringe benefits to the Funds; (3) that Defendant breached the CBA by failing to make timely fringe benefit contributions from July 1, 2016 through August 31, 2016 , id. ¶ 17; and (4) that Plaintiffs suffered damages in the form of delinquent contributions, id. ¶ 21. Therefore, Plaintiffs have sufficiently alleged an ERISA violation to establish Defendant's liability for the purposes of this default judgment.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendant does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as they will have no other means of obtaining relief. Finally, the Court finds that Defendant has acted culpably as it has been served with the Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Bushinsky Aff. ¶ 3; see also Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *2 (D.N.J. Sept. 4, 2014); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seek the following damages totaling $6,129.62: (1) $3,863.52 in delinquent contributions; (2) $772.70 in liquidated damages; (3) $97.41 in interest, (4) $1,395.99 in attorneys' fees; and (5) $59.99 in costs.

ERISA provides that in a Section 1145 action, a plan may be awarded the amount of unpaid contributions, interest on the unpaid contributions, and liquidated damages that are provided for under the plan and do not exceed 20 percent. 29 U.S.C. § 1132(g)(2); see also Board of Trustees, Local 888 Pension Fund v. Fixture Hardware Mfg. Corp., No. 16-8629, 2017 WL 3622029, at *4 (D.N.J. Aug. 22, 2017); Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *3 (D.N.J. Jul. 24, 2012).

Here, Plaintiffs have provided sufficient evidence to support the requested amounts. First, Plaintiffs have submitted a copy of the CBA, which provides for the remittance of fringe benefits. Plaintiffs have provided sufficient evidence that Defendant owes a delinquent balance of $3,863.52 by way of a payroll audit for unpaid benefits from July 1, 2016 through August 13, 2016. See Job Status Report, Bushinsky Aff., Ex. D.

Second, Plaintiffs have also shown a contractual basis for an award of liquidated damages of 20 percent and interest of 18 percent per annum on delinquent contributions, and attorneys' fees and costs. See Policy for Collection of Delinquent Contribution, Bushinsky Aff., Ex. B. The same policy also provides that unpaid contributions become delinquent following an unsuccessful collection attempt. Id. Plaintiffs accurately calculated liquidated damages and interest for the period of January 15, 2017 through March 6, 2017 in the amount of $97.41 in interest and $772.70 in liquidated damages. See Interest and Liquidated Damages Calculation, Bushinksky Aff., Ex. E. The Court therefore awards Plaintiffs a total of $4,733.63 in total contributions owed, liquidated damages, and interest.

Finally, Plaintiffs have submitted an affidavit attesting to their hours worked and hourly rate charged. They indicate that legal services were performed by an associate at the rate of $175.00 an hour, and by a paralegal at the rate of $90.00 an hour. Bushinsky Aff. ¶¶ 11-12. In addition, Plaintiffs expended $59.99 in costs. Id. The Court therefore awards Plaintiffs a total of $1,395.99 in attorneys' fees and costs.

Based upon the foregoing, judgment shall be entered against the Defendant in the amount of $6,129.62.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs Trustees of the Refrigeration & Air Conditioning Service Division (UA-NJ) Pension Fund, Welfare Fund, Annuity Fund and Education Fund's and the New Jersey Committee Representing the United Association of Plumbers and Pipefitters of the United States and Canada's motion for final judgment by default against Defendant R&M Air Solution, LLC is **GRANTED**. An appropriate order accompanies this opinion.

**Dated: September 28, 2017**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**